IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES TIPPETT | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-0744-B |
| | § | |
| VICKI FOSTER | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by James Tippett, a Texas prisoner, against a Navarro County prosecutor. On April 13, 2010, plaintiff tendered a complaint to the district clerk. He subsequently filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Two sets of written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on May 18, 2010 and June 14, 2010. The court now determines that this case should be summarily dismissed.

II.

As best the court can decipher his pleadings, plaintiff appears to complain that he was ordered by a Navarro County prosecutor to register as a sex offender on or about June 27, 2007-- before he was convicted of a reportable sex offense. (*See* Mag. J. First Interrog. #1 & 3; Mag. J. Sec. Interrog. #2 & 3).[1] According to plaintiff, the registration requirement was imposed without proper notice or other procedural safeguards. (*Id.*). Plaintiff was subsequently convicted of failing to register as a sex offender and sentenced to two years confinement. (*See* Mag. J. First Interrog. #4). At another trial for indecency with a child, which is a reportable sex offense, plaintiff alleges that the prosecutor "slandered [his] name" by referring to him as a sex offender. (*See* Mag. J. Sec. Interrog. #4). By this suit, plaintiff seeks $350,000 in compensatory and punitive damages.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

---

[1] Although plaintiff was convicted of indecent exposure in 2001, he contends that misdemeanor offense is not a reportable sex offense. (*See* Plf. Mem. Br. at 2-3).

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff's due process claims are barred by limitations. In Texas, a civil rights action brought under 42 U.S.C. § 1983 is governed by a two-year statute of limitations. *See Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990). The limitations period begins to run "the moment the plaintiff knows or has reason to know of the injury that is the basis of his complaint." *Helton v. Clements*, 832 F.2d 332, 334-35 (5th Cir. 1987). With respect to plaintiff's claim that he was forced to register as a sex offender without proper notice or other procedural safeguards, the two-year limitations period commenced on June 27, 2007--the date plaintiff states he was ordered to register. Yet plaintiff did not file this lawsuit until April 13, 2010--more than 33 months later. It is clear from the face of the pleadings that these claims are time-barred. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (court may summarily dismiss a complaint filed *in forma pauperis* if it is "clear" that claims asserted are barred by limitations).

C.

Nor can plaintiff sue the prosecutor for money damages. Prosecutors are immune from suit for actions taken within the scope of their jurisdiction. *See Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1976). Because defendant was acting within the scope of her

authority at all times relevant to the claims made the basis of this suit, she is entitled to absolute immunity.

D.

To the extent plaintiff seeks money damages for civil rights violations related to his convictions for failing to register as a sex offender and indecency with child, his claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Heck* holds that a state prisoner cannot bring a section 1983 action directly challenging his confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *Heck*, 114 S.Ct. at 2372. The critical inquiry is whether a judgment in favor of the plaintiff in the civil action would "necessarily imply the invalidity" of the state criminal proceeding. *Id.* If so, the claim is barred. *See also Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1601 (2001) (*Heck* applies even though the challenged sentence has expired and the plaintiff is no longer in custody under that sentence).

In his interrogatory answers, plaintiff acknowledges that no court has ever reversed or invalidated his convictions for failing to register as a sex offender and indecency with a child. (*See* Mag. J. First Interrog. #3 & 4). Consequently, plaintiff cannot maintain a section 1983 action for civil rights violations related to those convictions. *See Williams v. City of Dallas Police Dept.*, No. 3-09-CV-0275-P, 2009 WL 812239 at *3 (N.D. Tex. Mar. 26, 2009) (collecting cases).

E.

Finally, claims for defamation, including slander, are state law matters not actionable under 42 U.S.C. § 1983 or any other federal statute. *See Waddleton v. Blalock*, 277 F.3d 1374, 2001 WL 1485851 at *1 (5th Cir. Nov. 16, 2001), *citing Geter v. Fortenberry*, 849 F.2d 1550, 1556 (5th Cir.

1988). Because the court has dismissed plaintiff's federal claims, it should decline to exercise supplemental jurisdiction over his state claims.

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 16, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE